UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IMAD M. IDRES,               : CIVIL NO. **4:05-CV-00717**
                                :
          Petitioner   : (Judge McClure)
                                :
        v.                 : (Magistrate Judge Smyser)
                                :
WARDEN THOMAS HOGAN,     :
                                :
          Respondent   :

## <u>REPORT AND RECOMMENDATION</u>

On April 11, 2005, the petitioner, a prisoner in the York County Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner also filed an application to proceed *in forma pauperis.*[1]

The petitioner is seeking to vacate a conviction and sentence he received in the United States District Court for the Eastern District of Pennsylvania.  *Doc. 1 at ¶1.*  The petitioner asserts that he pleaded guilty and that on July 12, 2000, he received a six-month sentence for mail fraud.  *Id. at*

---

1.  By a separate order filed this date, the petitioner's application to proceed *in forma pauperis* has been granted.

*¶¶2-5.*   He states that he did not file a direct appeal from

his judgment of conviction and that he has not filed any

petitions, applications or motions with respect to the

judgment in any federal court. *Id. at ¶¶8 & 10.*


        The petitioner claims that he received ineffective

assistance of counsel, that he was incorrectly denied bail,

that the government breached a promise made to him by an

immigration agent that an immigration detainer will not be

filed because the offense he was charged with is not a

deportable offense, that he did not enter his plea

intelligently, that the court failed to advise him of the

immigration consequences of his plea, and that the arresting

officer did not read him *Miranda* warnings.


        28 U.S.C. § 2255 provides:


        A prisoner in custody under sentence of a
        court established by Act of Congress claiming
        the right to be released upon the ground that
        the sentence was imposed in violation of the
        Constitution or laws of the United States, or
        that the court was without jurisdiction to
        impose such sentence, or that the sentence was
        in excess of the maximum authorized by law, or
        is otherwise subject to collateral attack, may

> move the court which imposed the sentence to
> vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus
> on behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to this
> section, shall not be entertained if it appears
> that the applicant has failed to apply for
> relief, by motion, to the court which sentenced
> him, or that such court has denied him relief,
> unless it also appears that the remedy by motion
> is inadequate or ineffective to test the
> legality of his detention.

The petitioner is seeking to have his conviction and

sentence vacated.  The claims that the petitioner is raising

in this case are the type of claims that normally should be

brought by way of a § 2255 motion before the sentencing judge.

To be able to bring a § 2241 petition for a writ of

habeas corpus, the petitioner must establish that he satisfies

the safety-valve language of § 2255, i.e. that the remedy by a

§ 2255 motion is inadequate or ineffective to test the

legality of his detention.  The safety-valve language in

§ 2255 has been strictly construed. *See Application of*

*Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable

legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A motion under § 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

The petitioner has not argued that his remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention.

Since the petitioner is in custody at the York County Prison, we infer that he is in the custody of immigration officials.  We note that the petitioner may not use 28 U.S.C. § 2241 to challenge his criminal conviction in connection with a challenge to a removal order.  *See Drakes v. INS*, 330 F.3d 600 (3d Cir. 2003)(concluding that an alien may not collaterally challenge the constitutionality of his prior state conviction in a § 2241 habeas petition challenging his removal order).

The petitioner may not proceed with his 28 U.S.C. § 2241 petition.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

_____ ***/s/ J. Andrew Smyser***
                               J. Andrew Smyser
                               Magistrate Judge
Dated:  April 14, 2005.

5